**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

---

**KATHERINE ROPER**, an individual,

Plaintiff,

v.

**KALAMAZOO PACKAGING SYSTEMS, LLC,**
A Domestic Limited Liability Company, and
**RICHARD WIETCZAK,** an individual,
jointly and severally

Defendants.

Hon.
Case No.

| | |
|---|---|
| **AVANTI LAW GROUP, PLLC**<br>Robert Anthony Alvarez (P66954)<br>Attorneys for Plaintiff<br>600 28th St. SW<br>Wyoming, MI 49509<br>(616) 257-6807<br>ralvarez@avantilaw.com | |

### PLAINTIFF'S ORIGINAL COMPLAINT

**There is a pending civil action in this Court arising out of the transaction or occurrence alleged in the Complaint. Case No. 1:21-cv-635.**

1. This is a civil action brought by Plaintiff, Katherine Roper, to recover for Defendants' willful and knowing violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, et seq. for Defendants' retaliation in response to Plaintiff complaining of Defendants' pay practices regarding the sales commission to which she was entitled to under the FLSA.

2. Plaintiff seeks a declaration that her rights were violated, an award of unpaid wages, compensatory damages, exemplary damages, punitive and/or liquidated damages and an award of attorney's fees and costs to make her whole for the damages suffered.

## JURISDICTION & VENUE

3. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

4. Defendants' employees engage in interstate commerce; therefore, they are covered by the FLSA on an individual basis.

5. At all material times, Defendants have been an enterprise in commerce or are in the production of goods for commerce within the meaning of section 203(s)(1) of the FLSA because Defendants have had and continue to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

6. Defendant corporation is and was at all times relevant incorporated in the State of Michigan and has its principal place of business located in Grand Rapids, Michigan, within the United States Judicial District of the Western District Michigan.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the actions and omissions giving rise to the claims pled in this complaint occurred in this District.

## PARTIES

8. Plaintiff Katherine Roper is an individual who at all times relevant to this complaint resided in the County of Kent, State of Michigan.

9. Plaintiff executed a consent to sue form, attached hereto as *Exhibit A*.

10. Defendant Kalamazoo Packaging Systems, LLC (hereinafter referred to as "KPS") is a domestic limited liability company whose registered office is located at 3755 Oak Bluff Dr SE, Grand Rapids, MI 49546. *Exhibit B*.

11. Defendant KPS is a manufacturer and designer of stretch film applicators.

12. Defendant Richard Wietczak (hereinafter referred to as "Wietczak") is an individual who at all times relevant to this complaint was Plaintiff's direct supervisor and is the owner and resident agent of Defendant KPS.

13. Defendant Wietczak at all relevant times to this complaint set Plaintiff's schedule, directed Plaintiff's activities at work, set Plaintiff's rate of compensation, and was responsible for compensating Plaintiff.

14. Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## GENERAL ALLEGATIONS

15. Plaintiff started working for Defendants in September 2018.

16. Plaintiff worked under the title of Sales Director for Defendant KPS.

17. Plaintiff's responsibilities include but are not limited to: making sales to potential customers, servicing current customers, and billing among other duties.

18. Plaintiff was compensated a salary of $850 per week, with no increase throughout her employment.

19. Plaintiff was to be compensated 3% commission on all sales she completed.

20. Defendants never set up a payment schedule for commissions owed to Plaintiff.

21. During the duration of her employment, Plaintiff has brought in over 3 million dollars in sales for Defendants KPS.

22. During the duration of her employment, Plaintiff has only been compensated for commission twice, once in June 2019 and once in November 2020.

23. Defendant Wietczak was aware of Plaintiff not being compensated appropriately for commission.

24. On March 25, 2021, Plaintiff's counsel sent a letter to Defendant KPS requesting Plaintiff's personnel record, making Defendants aware of the onset of this legal action. *Exhibit C Letter to Defendants.*

25. This letter specifically stated that any adverse employment action taken against Plaintiff will result in immediate legal action.

26. Plaintiff was permitted to carry out her normal work duties while working from home and had been working from home at the time Defendant received the letter from Plaintiff's counsel.

27. Since receiving the letter, Defendant Wietzcak made it very difficult for Plaintiff to continue her work from home.

28. Plaintiff was locked out of her email and she was not allowed to bring customer files home with her as was the accepted practice and policy of the company.

29. Even after access to her email was restored, Plaintiff was still not receiving important emails she needed to perform her work duties adequately.

30. At the end of April, Plaintiff received a small portion of the outstanding commissions that she is owed.

31. On May 3, 2021, Defendant terminated Plaintiff's employment with KPS, to be effective immediately. *Exhibit D Termination Letter.*

32. Plaintiff was terminated due to her having raised questions concerning her pay and outstanding commissions.

33. Defendant Wietczak's termination of employment constitutes unlawful retaliation under the FLSA, 29 U.S.C. §215(a)(3).

## WILLFUL VIOLATION OF FLSA

34. Termination of Plaintiff's employment was an attempt by Defendants to subvert its obligations under state and federal wage law as well as to punish her for questioning their failure to pay her the earned commissions in a timely manner.

35. Defendants willfully terminated Plaintiff in retaliation of Plaintiff complaining to Defendants about her right to receive an overtime premium for all hours worked in excess of forty hours in a work week.

36. Defendants knew or should have known that terminating Plaintiff in retaliation was a violation of the FLSA. 29 U.S.C.A. § 215(a)(3).

37. The FLSA, 29 U.S.C. § 216(a), provides that as a remedy for a violation of the retaliation provision of the FLSA, such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, punitive, and any emotional pain and suffering endured by the Plaintiff due to the retaliatory termination.

## DEFENDANTS' RETALIATION

38. Defendants terminated Plaintiff's employment in direct retaliation of Plaintiff inquiring and complaining about Defendants' pay practices.

39. Plaintiff's work habits had not changed; there were no occurrences that would give Defendants cause to terminate Plaintiff.

40. Plaintiff was not given a reason for her termination from KPS.

41. Plaintiff was terminated for the sole reason of inquiring about Defendants' pay practices and what Plaintiff believed was the failure to properly pay her as required by law.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §215(a)(3)
## DEFENDANTS' UNLAWFUL RETALIATION

42. Plaintiff realleges and incorporates all previous paragraphs.

43. Defendant Wietczak, an agent acting on his own behalf and on behalf of the Defendant KPS, terminated Plaintiff's employment and has taken action in retaliation of Plaintiff inquiring about Defendants' pay practice of not paying commission in a timely manner.

44. Defendant Wietczak's termination of employment constitutes unlawful retaliation under the FLSA, 29 U.S.C. §215(a)(3).

45. Defendants knowingly, willfully, maliciously, intentionally and without justification acted to deprive Plaintiff of her rights.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff requests the following relief:

A. An Order declaring Defendants willfully violated the FLSA;

B. An Order declaring Defendants unlawfully retaliated against Plaintiff;

C. Defendants be ordered to pay Plaintiff an amount greater than $75,000 for violating FLSA's retaliation provision;

D. An Order awarding reasonable attorney's fees and costs incurred by Plaintiff under the FLSA as provided by statute;

E. Punitive and exemplary damages that commensurate the wrong against Plaintiff; and

F. An Order awarding such other and further relief as this Court deems appropriate.

Dated: July 26, 2021                Respectfully Submitted,

/s/ Robert Anthony Alvarez          .
Robert Anthony Alvarez (P66954)
Attorney for Plaintiff
Avanti Law Group. PLLC

## **JURY DEMAND**

NOW COMES Plaintiff, by and through her attorney, and hereby request a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: July 26, 2021                                   Respectfully Submitted,

*/s/  Robert Anthony Alvarez            .*
Robert Anthony Alvarez (P66954)
Attorney for Plaintiff
Avanti Law Group. PLLC
600 28th Street SW
Wyoming, MI 49509
(616) 257-6807
ralvarez@avantilaw.com

## VERIFICATION

I declare under the penalty of perjury under the laws of the United States of America that the statements outlined above in my Original Complaint are true and correct.

Date: 7/26/2021

Katherine Roper